UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEARTLAND BUSINESS BANK,
d/b/a Wisconsin Business Bank, a
branch of Wisconsin Community Bank,

    Plaintiff(s),

v.                                          Case No. 2:09-cv-243

ESCANABA AND LAKE SUPERIOR        HON. R. ALLAN EDGAR
RAILROAD CO., et al,

    Defendant(s).

_____/

**OPINION AND ORDER**

        Plaintiff, Heartland Business Bank, d/b/a/ Wisconsin Business Bank, filed a mortgage foreclosure claim against Defendants, Escanaba and Lake Superior Railroad Co. ("E&LS"), John C. Larkin d/b/a Rail Tours, Inc. ("RTI"), and John C. Larkin, individually ("Larkin"). Defendants filed a Notice of Removal to Federal Court on November 4, 2009, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1331, 1332(a), and 1441 (a)(b). The Removal also asserted federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff seeks to remand the matter to the Michigan state court claiming lack of both diversity jurisdiction and jurisdiction based on a federal question.

        Plaintiff's complaint alleges that on March 3, 2005 and June 30, 2006, Defendants executed Small Business Administration promissory notes, secured by various real estate mortgages, on which Defendants have defaulted and on which the original amounts plus interest and fees are now due and owing. The real estate is located in various counties

throughout Michigan's Upper Peninsula, where all Defendants reside and do business. This action was brought in state court in Delta County, Michigan. Plaintiff's complaint asserts entitlement to some of the following items: all inventory, equipment, signals, bridges, rails, ties, and all assets including all rolling stock. Defendants contend this would lead to an abandonment of the railroad, therefore requiring regulation by the Surface Transportation Board ("STB").

Defendants claim this Court has diversity jurisdiction under 28 U.S.C. § 1132 and § 1441. Section 1441 clarifies that a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In this case, all of the Defendants are citizens of the state of Michigan and Plaintiff sought action in Michigan state court, thus removal based on diversity jurisdiction is not permitted.

Defendants also claim federal question jurisdiction exists under 49 U.S.C. § 10903 and § 10501(a). These statutory provisions grant the federal Surface Transportation Board jurisdiction over discontinuance of rail service, rail abandonments, and transportation by rail carriers. Federal question jurisdiction must be in accordance with the well-pleaded complaint rule. Under the well-pleaded complaint rule, a court generally looks only to the plaintiff's complaint to determine if there is federal question jurisdiction. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-113 (1936). If the complaint relies only on state law, the court lacks subject-matter jurisdiction and the action is not removable. Here, the Plaintiff's complaint is a mortgage foreclosure action asserting state-law claims for foreclosure and seeking claim and delivery. Thus, the face of Plaintiff's complaint does not raise any federal questions.

The complete preemption doctrine is an exception to the well-pleaded complaint rule and allows removal if federal law completely preempts an area of state law. *See Franchise*

*Tax Bd. of State of Cal. v. Construction Laborers Vacations Trust*, 463 U.S. 1, 24 (1983). In *Fayard v. N.E. Vehicle Servs., LLC*, the court found that "complete preemption is a short-hand for the doctrine that in certain matters Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a state law claim is to be *recharacterized* as a federal claim." *Fayard v. N.E. Vehicle Servs., LLC*, 533 F.3d 42, 45 (1st Cir. 2008). Defendants allege Plaintiff's request for relief will result in the abandonment of Defendants' railroad, which in turn requires regulation by the Surface Transportation Board.

Section 10501 grants the Surface Transportation Board general jurisdiction over transportation by rail carriers. *See* 49 U.S.C. § 10501. Section 10903 requires that a rail carrier subject to the jurisdiction of the STB, who intends to abandon any part of its railroad lines, must file an application for abandonment with the STB. *See* 49 U.S.C. § 10903(a)(1). Additionally, 49 U.S.C. § 10901(a)(4) establishes that a non-rail carrier cannot acquire a railroad line without the STB's authorization. The statute specifically states that "in the case of a person other than a rail carrier, [a person may] acquire a railroad line … only if the Board issues a certificate authorizing such activity …." 49 U.S.C. § 10901(a)(4). While these statutes enable the STB to regulate the abandonment of railroad lines, Plaintiff's complaint does not specifically require Defendants' railroad to be abandoned; it merely seeks foreclosure. Although Plaintiff suggests repayment through possession of railroad equipment and assets including all rolling stock, Defendants can use non-railroad-operations assets as well. Thus, railroad abandonment is not a necessary outcome in this case and the STB does not have jurisdiction over the foreclosure action at this time.

In *Allied Erecting and Dismantling Co., Inc. v. Ohio Cent. R.R., Inc.*, 2006 WL 2933950 (N.D. Ohio Oct. 12, 2006) (copy attached), the court explained:

Plaintiffs argue that because their common law claims arise out of "voluntary contractual obligations bargained for in an arms-length transaction," the ICCTA does not preempt their claims ... In short, Plaintiffs seek to refrain Defendants from parking and storing rail cars on its rail lines in violation of the terms of the LTV and PLE Easement Agreements.

Defendants argue that the ICCTA's preemption clause applies to claims brought by property owners based on the alleged misuse of rails. In asserting that Plaintiffs' claims will directly impact or interfere with Defendants' railroad operations, Defendants attempt to construe Plaintiffs' state law claims as "clearly federal in nature," contending that said claims "seek judicial regulation of [Defendants'] use of rail lines" ...

The Court need not resolve this dispute, however, as removal was inappropriate in this case. It is well-settled that "[r]emoval and preemption are two distinct concepts. The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted ... does not establish that they are removable to federal court." *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995)(quoting *Caterpillar*, 482 U.S. at 398)(internal quotations omitted).

> This Court has previously determined that where removal was improper in a case involving claims which may be preempted, the district court should remand to the state to determine the preemption issue. *See Railroad Ventures, Inc. v. Columbiana County Port Authority*, Case No. 4:02CV1080; *see also Caterpillar*, 482 U.S. at 2433 n. 3, ("We intimate no view on the merits of this or any of the preemption arguments discussed above. These are questions that must be addressed in the first instance by the state court in which respondents filed their claims.")

"[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 2 (1983)). In most cases, federal preemption is "ordinarily a federal defense to the plaintiff's suit." *Warner*, 46 F.3d at 533. As such, "it does not

appear on the face of a well-pleaded complaint, and, therefore does not authorize removal to federal court." *Id.*

In *Fayard v. Ne. Vehicle Servs., LLC*, the court found that "[n]o one supposes that a railroad sued under state law for unpaid bills by a supplier of diesel fuel or ticket forms can remove the case based on complete preemption simply because the railroad is subject to the ICCTA." *Fayard v. Ne Vehicle Servs., LLC*, 533 F.3d 42, 47 (1st Cir. 2008). Similarly, this foreclosure action is not automatically regulated by the STB since Plaintiff only requests repayment for Defendants' debt and the action has not taken the form of railroad abandonment.

Although Plaintiff's complaint seeks entitlement to Defendants' railroad and all assets and rolling stock, Plaintiff also suggests the debt can be satisfied with Defendants' other, non-railroad-operations assets. There is no federal question on the face of Plaintiff's well-pleaded complaint. Plaintiff only asserts a mortgage foreclosure action, a state law cause of action which raises no federal question. On remand, the state court will have the ability to determine if the mortgage foreclosure action is preempted.

Accordingly, the Plaintiff's Motion to Remand (Docket #15) is GRANTED.

IT IS SO ORDERED.

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated: June 15, 2010